**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-50600
Summary Calendar

In the Matter of: H. E. & I., INC.,

Debtor

_____

ABC FIRE PROTECTION CO. INC.; AMERICAN DRYWALL & ACOUSTICS, INC.; BILL JAMES CONSTRUCTION, INC.; BOWMAN TILE AND MARBLE CO., INC.; BUTCH SMITH PLUMBING; G & J CONSTRUCTION, INC.; LARRY MITCHELL WALL COVERINGS; MALL AIR AND GEORGIA, INC.; SCOTT ELECTRIC CO. OF WILMINGTON, INC.; TALLAHASSEE ELECTRIC SERVICES; ROBERT MATOCK ENTERPRISES, INC.,

Appellants,

VERSUS

FISRT NATIONAL BANK OF FAIRFIELD,

Appellee.

Appeal from the United States District Court
for the Western District of Texas
(W-96-CV-425)

April 30, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

The IntervenerS/Plaintiffs, referred to collectively as the

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Trade Contractors, appeal from a summary judgment entered for the First National Bank of Fairfield, Texas ("the Bank"). We affirm.

We review the grant of summary judgment *de novo*. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). We review the district court's order denying additional discovery for abuse of discretion. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1992).

H. E. & I., Inc. ("Debtor") was a general contractor that constructed and improved retail stores. The Debtor executed three revolving line of credit notes payable to the Bank. The Bank was a secured creditor of the Debtor. The Debtor filed a voluntary Chapter 7 Bankruptcy Proceeding on December 22, 1993. Two years later, the Trustee filed an adversary proceeding alleging that payments made by the Debtor to the Bank on the revolving line of credit notes within ninety days prior to the filing of Debtor's Chapter 7 proceeding were preferences, fraudulent conveyances or were "trust funds to be used to pay subcontractors."

The Trade Contractors intervened, asserting causes of action against the Bank for breach of trust/fiduciary duty; constructive fraud; conversion; civil conspiracy; fraudulent conveyances; and quantum meruit. The Trade Contractors claim that the Debtor paid its revolving line of credit notes with "construction trust funds" and that the Bank acted wrongfully in accepting the payments. The Bank filed a motion for summary judgment alleging that it had no knowledge of the trust character of the funds, that it was not a trustee of the funds and that it was a good faith purchaser for

2

value of the funds, and therefore owed no duties to the Trade Contractors. The Bank's summary judgment evidence was comprised of the affidavit of a Bank officer with attached exhibits. The Trade Contractors submitted no competent summary judgment evidence to refute the Bank's position. The court found no genuine issue of material fact and granted summary judgment for the Bank.

Trade Contractors assert on appeal that the court abused its discretion in denying their motions to reschedule deadlines, thereby foreclosing further discovery that they contend was necessary to respond to the Bank's summary judgment motion. In order to obtain a continuance of a summary judgment motion for the purpose of further discovery, the non-movant must request extended discovery prior to the court's ruling on summary judgment, provide notice to the court that further discovery pertaining to summary judgment is sought, and explain specifically how the requested discovery pertains to the pending motions. *See 7547 Corp. v. Parker & Parsley Dev. Partners*, 38 F.3d 211, 220 (5th Cir. 1994). The record reveals that the Trade Contractors failed to fulfill these obligations. The parties' joint motion to reschedule deadlines, filed after the summary judgment motion had been on file for seven months and only a week before summary judgment was granted, did not state that Trade Contractors sought discovery pertaining to the question of the Bank's knowledge. After the district court granted summary judgment, the Trade Contractors advised the court for the first time that they sought to obtain discovery on the issue. We therefore conclude that the district

3

court did not abuse its discretion in denying further discovery and reconsideration of its summary judgment decision. *See id.*

Trade Contractors' remaining points of error concern the appropriateness of the grant of summary judgment, given the state of the evidence concerning the Bank's knowledge. Having reviewed the record, we conclude that there were no genuine issues of material fact and summary judgment was appropriate. *See International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265-66 (5th Cir. 1991).

Based on the foregoing, we affirm the summary judgment granted for the Bank.

AFFIRMED.

4